FILED

### UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

2011 FEB 18  AM 11: 02

CLERK U..... ......... COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE, FLORIDA

PAUL J. REISSIG
JANET L. REISSIG

     Plaintiff(s)

v.

Case No.3:10-cv-160-4-32 mcR

TRANSWORLD SYSTEMS INC.
    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

PAUL J. REISSIG and JANET L. REISSIG ("Reissigs" or "Plaintiffs") sue TRANSWORLD SYSTEMS INC. ("Transworld Systems"), and state:

### I. INTRODUCTION

1.     This is an action for actual and statutory damages brought by Plaintiffs, individual consumers, against Defendant Transworld Systems for its violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et. seq.* (hereinafter referred to as "FDCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 *et. seq.* (hereafter referred to as "FCCPA"), which, among other things, prohibit debt collectors from engaging in abusive, deceptive, and unfair debt collection practices.

### II. PARTIES

2.     Plaintiffs are natural persons residing at 407 Moby Dick Drive, Jacksonville, Duval County, Florida 32218. At all times material, the Reissigs have resided in Jacksonville, Duval County, Florida. Plaintiffs are "consumers" as defined by 15 U.S.C. § 1692a(3).

3.     Transworld Systems is a Debt Collector as defined by the FDCPA and is

1

registered with the Florida Office of Financial Regulation as a debt collector. Its principal place of business is located at 2235 Mercury Way, Suite 275, Santa Rosa, California. Transworld Systems' principal business is the collection of third party debts.

4.      Transworld Systems is a ''debt collector'' as that term is defined by the FDCPA, 15 U.S.C. § 1692a (6).

## III.  JURISDICTION AND VENUE

5.      Jurisdiction of the Court arises under 15 U.S.C. § 1692k (d) and 28 U.S.C. § 1337. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue in this district is proper in that the alleged violation by Transworld Systems took place in Jacksonville, Duval County, Florida.

## IV. FACTUAL ALLEGATIONS

6.      On August 23, 2010 (the "Petition Date"), Plaintiffs filed a petition for relief under Title 11 Chapter 7 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Middle District of Florida, Jacksonville Division (the "Bankruptcy Court") in Case # 3:10-bk-7325. A Copy of the redacted § 341 Notice is attached as Exhibit 1.

7.      The Reissigs filed their Bankruptcy Case in an effort to obtain, among other relief contemplated by the Bankruptcy Code,  i) protection under 11 U.S.C. § 362 to prevent harassing debt collectors from contacting them in collection efforts;  ii) from the Bankruptcy Court an order of discharge pursuant 11 U.S.C.§ 727; and iii) a financial "fresh start".

8.      As required by the Bankruptcy Code, the Reissigs filed their schedules, lists and statements in their Bankruptcy Case. Included in the Schedule F of unsecured creditors was TruGreen, PO Box 56230, Jacksonville, FL 32241 with a balance of $161.31. The creditor and

address were pulled from the latest credit report available just prior to filing the Bankruptcy Case. A copy of the relevant page from the Reissigs' Schedule F is attached as Exhibit 2.

9.      On October 14, 2010, the U.S. Trustee convened and concluded the section 341 meeting of creditors ("Meeting of Creditors"). Neither TruGreen nor Transworld Systems appeared at the Meeting of Creditors. The Chapter 7 Trustee reported that there is no property available for distribution from the estate over and above that exempted by law.

10.     TruGreen received notice of the Bankruptcy Case and the meeting of creditors. *See* Certificate of Notice, Doc. No. 6, page 3 of 3, attached as Exhibit 3.

11.     Despite the automatic stay entered in the Bankruptcy Case and the provisions of the FDCPA and FCCPA, TruGreen referred and/or sold the account to Transworld Systems for collection after the commencement of the case.

12.     On November 2, 2010, Transworld Systems mailed a demand for payment to the Reissigs for collection of the TruGreen pre-petition debt which had been listed on Schedule F of the Reissigs' Bankruptcy Schedules.   A copy of the demand for payment letter is attached as Exhibit 4.

13.     Transworld Systems failed to use reasonable steps for collection of accounts prior to mailing the collection letter to the Reissigs. Such steps would include, at a minimum, a BANKO or AACER search for bankruptcy activity related to the account and/or Mr. and Mrs. Reissig.

### V. CLAIMS FOR RELIEF
### COUNT I -- FDCPA VIOLATIONS

14.     The Reissigs reallege paragraphs (1) one through (13) thirteen above.

15.     Transworld Systems violated the FDCPA.   Transworld Systems' violations

3

include, but are not limited to, the following:

    i)        Transworld Systems contacted the Reissigs directly when Transworld Systems knew that the Reissigs all the while were represented by an attorney in connection with the debt and such attorney was readily accessible, thereby violating 15 U.S.C. § 1692c (a)(2).

    ii)       Transworld Systems violated 15 U.S.C. § 1692e (2)(A) by falsely representing the character and legal status of the debt.

    iii)     The collection letter sent to Plaintiffs misrepresented the character and legal status of the debt by stating that Transworld Systems is "authorized to pursue collection of this debt" when in fact the Bankruptcy Code prohibits collection attempts by creditors as well as preferential payment by debtors.

    iv)     The collection letter further misrepresented the character and legal status of the debt by characterizing the debt as "due and owing" without clarifying the effect of the Chapter 7 filing and the expectation that the debt will be discharged by Order of the bankruptcy court.

16.     Transworld Systems violated the provisions of the FDCPA, and is liable to the Reissigs for actual damages, statutory damages, and reimbursement attorney's fees and costs associated with filing this action.

## COUNT II – FCCPA VIOLATIONS

17.     The Reissigs reallege paragraphs one through thirteen (13) above.

18.     Transworld Systems has violated the FCCPA.  Transworld Systems' violations include, but are not limited to:

4

i)      Transworld Systems contacted the Reissigs directly when Transworld Systems knew the Reissigs all the while were represented by an attorney in connection with the debt and such attorney was readily accessible, thereby violating § 559.72(18) of the FCCPA.

19.     Pursuant to Florida Statute, § 559.77, Transworld Systems is liable to the Reissigs for actual damages, statutory damages, and reimbursement attorneys' fees and costs associated with filing and prosecuting this action.

WHEREFORE, the Reissigs respectfully pray for i) declaratory judgment in their favor finding Transworld Systems violated the above stated provisions of the FDCPA and the FCCPA; ii) judgment in favor of the Reissigs awarding actual and statutory damages; iii) an award equal to any and all attorney's fees and costs associated with bringing this action; and iv) any and all other relief that the Court deems necessary and just.

The Reissigs demand a jury trial on all issues so triable.

DATED this 18 day of February, 2011.

Law Offices of Mickler & Mickler

By: _____
Taylor J. King
Florida Bar No. 072049
5452 Arlington Expressway
Jacksonville, FL 32211
(904) 725-0822
tjking@planlaw.com

5

**EXHIBIT 1**

FORM B9A (Chapter 7 Individual or Joint Debtor No Asset Case) (12/07)     Case Number 3:10−bk−07325−JAF

# UNITED STATES BANKRUPTCY COURT
## Middle District of Florida

# Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, & Deadlines

A chapter 7 bankruptcy case concerning the debtor(s) listed below was filed on August 23, 2010 .
You may be a creditor of the debtor. **This notice lists important deadlines. You may want to consult an attorney to protect your rights.**
All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below. NOTE: The staff of the bankruptcy clerk's office cannot give legal advice.

## See Reverse Side For Important Explanations

| | |
|---|---|
| Debtor(s) (name(s) used by the debtor(s) in the last 8 years, including married, maiden, trade, and address):<br>Paul Jay Reissig<br>aka Paul J. Reissig<br>▓▓▓▓▓▓▓▓▓▓<br>Jacksonville, FL 32218 | Janet Louise Reissig<br><br>Jacksonville, FL 32218 |
| Case Number:<br>3:10−bk−07325−JAF | Social Security/Taxpayer ID/Employer ID/Other Nos.:<br>xxx−xx−<br>xxx−xx− |
| Attorney for Debtor(s) (name and address):<br>Albert H. Mickler<br>5452 Arlington Expressway<br>Jacksonville, FL 32211<br>Telephone number:  904−725−0822 | Bankruptcy Trustee (name and address):<br>Gregory L. Atwater<br>P.O. Box 1865<br>Orange Park, FL 32073<br>Telephone number:  904−264−2273 |

## Meeting of Creditors

Debtor(s) must present Photo ID and acceptable proof of Social Security Number at § 341 meeting.
You are reminded that Local Rule 5073−1 restricts the entry of cellular telephones into the Courthouse.

Date:  October 14, 2010     Time:  09:00 AM
Location:  FIRST FLOOR, 300 North Hogan St. Suite 1−200, Jacksonville, FL 32202

## Presumption of Abuse under 11 U.S.C. § 707(b)
*See "Presumption of Abuse" on reverse side.*

The presumption of abuse does not arise.

## Deadlines:

Papers must be *received* by the bankruptcy clerk's office by the following deadlines:
**Deadline to File a Complaint Objecting to Discharge of the Debtor or to Determine Dischargeability of Certain Debts:**
**December 13, 2010**

## Deadline to Object to Exemptions:
Thirty (30) days after the *conclusion* of the meeting of creditors.

## Creditors May Not Take Certain Actions:

In most instances, the filing of the bankruptcy case automatically stays certain collection and other actions against the debtor and the debtor's property. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay. If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be penalized. Consult a lawyer to determine your rights in this case.

## Please Do Not File a Proof of Claim Unless You Receive a Notice To Do So.

## Creditor with a Foreign Address

A creditor to whom this notice is sent at a foreign address should read the information under "Do Not File a Proof of Claim at This Time" on the reverse side.

| | |
|---|---|
| Address of the Bankruptcy Clerk's Office:<br>300 North Hogan Street Suite 3−350<br>Jacksonville, FL 32202<br>Telephone number:  904−301−6490 | For the Court:<br>Clerk of the Bankruptcy Court:<br>Lee Ann Bennett |
| Hours Open: Monday − Friday 8:30 AM − 4:00 PM | Date:  August 26, 2010 |

Notice is further given that effective on the date of the Petition, the United States Trustee appointed the above named individual as interim trustee pursuant to 11 USC § 701.

## EXPLANATIONS

FORM B9A (12/07)

| | |
|---|---|
| Filing of Chapter 7 Bankruptcy Case | A bankruptcy case under Chapter 7 of the Bankruptcy Code (title 11, United States Code) has been filed in this court by or against the debtor(s) listed on the front side, and an order for relief has been entered. |
| Legal Advice | The staff of the bankruptcy clerk's office cannot give legal advice. Consult a lawyer to determine your rights in this case. |
| Creditors Generally May Not Take Certain Actions | Prohibited collection actions are listed in Bankruptcy Code §362. Common examples of prohibited actions include contacting the debtor by telephone, mail or otherwise to demand repayment; taking actions to collect money or obtain property from the debtor; repossessing the debtor's property; starting or continuing lawsuits or foreclosures; and garnishing or deducting from the debtor's wages. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay. |
| Presumption of Abuse | If the presumption of abuse arises, creditors may have the right to file a motion to dismiss the case under § 707(b) of the Bankruptcy Code. The debtor may rebut the presumption by showing special circumstances. |
| Meeting of Creditors | A meeting of creditors is scheduled for the date, time and location listed on the front side. *The debtor (both spouses in a joint case) must be present at the meeting to be questioned under oath by the trustee and by creditors.* Creditors are welcome to attend, but are not required to do so. The meeting may be continued and concluded at a later date without further notice. |
| Do Not File a Proof of Claim at This Time | There does not appear to be any property available to the trustee to pay creditors. *You therefore should not file a proof of claim at this time.* If it later appears that assets are available to pay creditors, you will be sent another notice telling you that you may file a proof of claim, and telling you the deadline for filing your proof of claim. If this notice is mailed to a creditor at a foreign address, the creditor may file a motion requesting the court to extend the deadline. |
| Discharge of Debts | The debtor is seeking a discharge of most debts, which may include your debt. A discharge means that you may never try to collect the debt from the debtor. If you believe that the debtor is not entitled to receive a discharge under Bankruptcy Code §727(a) *or* that a debt owed to you is not dischargeable under Bankruptcy Code §523(a)(2), (4), or (6), you must start a lawsuit by filing a complaint in the bankruptcy clerk's office by the "Deadline to File a Complaint Objecting to Discharge of the Debtor or to Determine Dischargeability of Certain Debts" listed on the front side. The bankruptcy clerk's office must receive the complaint and any required filing fee by that Deadline.\
\
\*\* Individual debtors in Chapter 7 cases must complete an instructional course in personal financial management in order to receive a discharge under chapter 7. A statement regarding completion of the course must be filed within 45 days after the first date set for the meeting of creditors. Failure to timely file the statement may result in the case being closed without entry of the discharge of debts. If the case is closed without the entry of a discharge, the debtor must file a motion to reopen, with the appropriate filing fee, in order to file the statement and obtain a discharge of debts. \*\* Applies to cases filed on or after October 17, 2005. |
| Exempt Property | The debtor is permitted by law to keep certain property as exempt. Exempt property will not be sold and distributed to creditors. The debtor must file a list of all property claimed as exempt. You may inspect that list at the bankruptcy clerk's office. If you believe that an exemption claimed by the debtor is not authorized by law, you may file an objection to that exemption. The bankruptcy clerk's office must receive the objections by the "Deadline to Object to Exemptions" listed on the front side. |
| Bankruptcy Clerk's Office | Any paper that you file in this bankruptcy case should be filed at the bankruptcy clerk's office at the address listed on the front side. You may inspect all papers filed, including the list of the debtor's property and debts and the list of the property claimed as exempt, at the bankruptcy clerk's office. |
| Creditor with a Foreign Address | Consult a lawyer familiar with United States bankruptcy law if you have any questions regarding your rights in this case. |
|  | — Refer to Other Side for Important Deadlines and Notices — |
| Voice Case Info. System (VCIS) | For use with a touch–tone phone only; using the dial pad VCIS will provide the caller with basic case information concerning deadlines such as case opening and closing date, discharge date and whether a case has assets or not. VCIS is accessible 24 hours a day except when routine maintenance is performed. To access VCIS toll free call 1–866–879–1286. |

EXHIBIT 2

B6F (Official Form 6F) (12/07) - Cont.

In re    Paul Jay Reissig,                                          Case No.    3:10-bk-07325
         Janet Louise Reissig,
                                            Debtors

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. 123036402 <br><br> Shell/Citi <br> Po Box 6497 <br> Sioux Falls, SD 57117 | | J | Opened 4/14/89 Last Active 6/01/10 <br> Credit card purchases | | | | 2,396.00 |
| Account No. 6035320495397224 <br><br> The Home Depot/Cbsd <br> PO Box 6497 <br> Sioux Falls, SD 57117 | | H | Opened 5/05/09 Last Active 7/01/10 <br> Charge Account | | | | 1,754.00 |
| Account No. 2764074237 <br><br> TruGreen <br> PO Box 56230 <br> Jacksonville, FL 32241 | | J | Open Account | | | | 161.31 |
| Account No. 79450129042609761 <br><br> Webbank/Dell Financial Svcs <br> 12234 N Ih 35 SB <br> Bldg B <br> Austin, TX 78753 | | W | Opened 12/17/05 Last Active 6/07/10 <br> Charge Account | | | | 2,616.00 |
| Account No. 98046 <br><br> Wfnnb/Justice <br> 555 W 112 Avenue <br> Northglenn, CO 80234 | | W | Opened 3/09/08 Last Active 6/01/10 <br> Charge Account | | | | 1,457.00 |

Sheet no. __4__ of __4__ sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal (Total of this page)     8,384.31

Total (Report on Summary of Schedules)     49,590.49

**EXHIBIT 3**

# CERTIFICATE OF NOTICE

District/off: 113A-3          User: megans              Page 1 of 1                    Date Rcvd: Aug 26, 2010
Case: 10-07325               Form ID: B9A                Total Noticed: 25

The following entities were noticed by first class mail on Aug 28, 2010.
```
db/jdb     +Paul Jay Reissig,   Janet Louise Reissig,   ████████████
            Jacksonville, FL 32218-6706
aty        +Albert H. Mickler,   5452 Arlington Expressway,   Jacksonville, FL 32211-6800
18936047   +Accel Recv M,   3219 Atlantic Blvd,   Jacksonville, FL 32207-8901
18936048   +Accel Recv Mgmt.,   3219 Atlantic Blvd,   Jacksonville, FL 32207-8901
18936056    Gemb/Ge Money Bank Lowes,   PO Box 103065,   Roswell, GA 30076
18936060    Jacksonville Orthopaedic Ins,   Payment Processing,   P O Box 742518,   Cincinnati, OH 45274-2518
18936061   +Medicredit Inc.,   P O Box 7206,   Columbia, MO 65205-7206
18936062   +North FL Dermatology,   1551 Riverside Ave.,   Jacksonville, FL 32204-4131
18936065   +TruGreen,   PO Box 56230,   Jacksonville, FL 32241-6230
18936066   +Webbank/Dell Financial Svcs,   12234 N Ih 35 SB,   Bldg B,   Austin, TX 78753-1705
18936067   +Wells Fargo Hm Mortgage,   8480 Stagecoach Circle,   Frederick, MD 21701-4747
```

The following entities were noticed by electronic transmission on Aug 26, 2010.
```
tr         +EDI: BGLATWATER.COM Aug 26 2010 20:13:00    Gregory L. Atwater,   P.O. Box 1865,
            Orange Park, FL 32067-1865
ust        +E-mail/Text: ustp.region21.or.ecf@usdoj.gov
            United States Trustee - JAX 7,   135 W Central Blvd Suite 620,   Orlando, FL 32801-2440
18936049   +EDI: AMEREXPR.COM Aug 26 2010 20:08:00    American Express,   PO Box 297871,
            Fort Lauderdale, FL 33329-7871
18936050    EDI: CHRYSLER.COM Aug 26 2010 20:13:00    Chrysler Financial,   5225 Crooks Road,   Ste 140,
            Troy, MI 48098
18936050   +EDI: CAPITALONE.COM Aug 26 2010 20:08:00    Capital One,   PO Box 85520,
            Richmond, VA 23285-5520
18936051   +EDI: CHASE.COM Aug 26 2010 20:13:00    Chase/WAMU,   Po Box 15298,   Wilmington, DE 19850-5298
18936053   +EDI: DISCOVER.COM Aug 26 2010 20:08:00    Discover Fin Svcs Llc,   Po Box 15316,
            Wilmington, DE 19850-5316
18936054   +EDI: RMSC.COM Aug 26 2010 20:08:00    Gemb/Dillards,   PO Box 981400,   El Paso, TX 79998-1400
18936055   +EDI: RMSC.COM Aug 26 2010 20:08:00    Gemb/Financing,   PO Box 981439,   El Paso, TX 79998-1439
18936057   +EDI: RMSC.COM Aug 26 2010 20:08:00    Gemb/Walmart,   PO Box 981400,   El Paso, TX 79998-1400
18936058   +EDI: HFC.COM Aug 26 2010 20:08:00    HSBC Bank/Orchard Bank,   PO Box 5253,
            Carol Stream, IL 60197-5253
18936063   +EDI: CITICORP.COM Aug 26 2010 20:08:00    Shell/Citi,   Po Box 6497,
            Sioux Falls, SD 57117-6497
18936064   +EDI: CITICORP.COM Aug 26 2010 20:08:00    The Home Depot/Cbsd,   PO Box 6497,
            Sioux Falls, SD 57117-6497
18936068   +EDI: WFNNB.COM Aug 26 2010 20:13:00    Wfnnb/Justice,   555 W 112 Avenue,
            Northglenn, CO 80234-3022
                                                                                        TOTAL: 14

            ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
18936059*  +Hsbc Bank/Orchard Bank,   Po Box 5253,   Carol Stream, IL 60197-5253
                                                                              TOTALS: 0, * 1, ## 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.

Date: Aug 28, 2010                    Signature:   _Joseph Speetjens_

**EXHIBIT 4**

# Transworld Systems

2235 Mercury Way, Suite 275, Santa Rosa, CA 95407   (888) 446-4733

. . REGIONAL OFFICE. . .
3450 LAKESIDE DRIVE,#304, MIRAMAR,  FL  33027 TEL. 877-419-7387

NOVEMBER 2, 2010

JANET REISSIG

JACKSONVILLE FL 32218-6706
UNITED STATES

TRUGREEN
ACCT NO.:    22764-0000074237
CLIENT REF.:

AMOUNT DUE   $161.31

Janet Reissig

IMPORTANT - - The 30-day dispute period commenced when you received our first letter.  Our client still shows an unpaid account in the above stated amount appearing due and owing by you.

TSI is a nationwide collection agency authorized to pursue collection of this debt.

You may make continued collection efforts unnecessary by resolving this matter.  Our demand for payment does not affect your right to dispute this debt as described in our first letter.  Please mail your payment, along with this letter for proper identification, to our client's address below.

Send correspondence, other than payments, to this collection agency at P.O. BOX 12103, TRENTON, NJ  08650.  Please see reverse for additional payment options.

TRUGREEN
BLDG 100 STE 4 BOX 3
5605 FLORIDA MINING BLVD
JACKSONVILLE FL  32257

Our Client's Phone
904-268-7001

Transworld Systems Inc. is a collection agency attempting to collect a debt and any information obtained will be used for that purpose.  This communication is from a debt collector.
We are required under some states' laws to notify consumers of certain rights as detailed in the list on the back of this notice.
Consumers have rights under state and federal law that are not described in this letter or in the list on the back of this notice.

SAN FRANCISCO, LOS ANGELES, NEW YORK, CHICAGO, DALLAS, PHILADELPHIA, DENVER, SEATTLE, PHOENIX, HONOLULU, ATLANTA, BOSTON, MIAMI AND OTHER MAJOR CITIES

PROFESSIONAL          COLLECTION AGENCY          FULL